1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER DENNING,              1:07-cv-00948-OWW-SMS

12          Plaintiff,                 FINDINGS AND RECOMMENDATION TO
                                       DISMISS CASE FOR FAILURE TO OBEY A
13      vs.                            COURT ORDER

14   MICHAEL J REYNOLDS, et al         OBJECTIONS, IF ANY, DUE IN 30 DAYS

15          Defendants.

16   _____/

17         On April 4, 2008, the Court issued an order requiring plaintiff to complete the enclosed

18   USM-285 forms and summonses and return them to the Court within thirty days.  The thirty-day

19   period has now expired, and plaintiff has not complied with or otherwise responded to the

20   Court's order.

21         Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

22   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

23   and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

24   power to control their dockets and "in the exercise of that power, they may impose sanctions

25   including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

26   829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

2  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

4  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

5  41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

6  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

7  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

8  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

9  rules).

10      In determining whether to dismiss an action for lack of prosecution, failure to obey a

11  court order, or failure to comply with local rules, the Court must consider several factors: (1) the

12  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16  46 F.3d at 53.

17      In the instant case, the Court finds that the public's interest in expeditiously resolving this

18  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third

19  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

20  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

21  Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

22  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

23  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

24  will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.

25  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's

26  order expressly stated: "The failure to comply with this order will result in a recommendation

1 | that this action be dismissed." Thus, plaintiff had adequate warning that dismissal would result
2 | from his noncompliance with the Court's order.
3 |    Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without
4 | prejudice, based on plaintiff's failure to obey the Court's order of April 4, 2008.
5 |    These findings and recommendations are submitted to the United States District Judge
6 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
7 | **days** after being served with these findings and recommendations, plaintiff may file written
8 | objections with the Court.  Such a document should be captioned "Objections to Magistrate
9 | Judge's Findings and Recommendations."  The parties are advised that failure to file objections
10 | within the specified time may waive the right to appeal the District Court's order.  Martinez v.
11 | Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 |
13 | IT IS SO ORDERED.
14 | **Dated:   May 16, 2008**      **/s/ Sandra M. Snyder**
               UNITED STATES MAGISTRATE JUDGE